UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY, JR.,

      Plaintiff,

v.                              Case No: 2:15-cv-105-FtM-29DNF

JOHNSON & JOHNSON, INC., ET
AL.,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Defendants' Motions to Dismiss (Docs. ##13, 15), filed on March 20, 2015.[1] Plaintiff filed Responses (Docs. ##17-18) on March 25, 2015. For the reasons stated below, the motions are granted.

**I.**

Plaintiff Robert R. Prunty, Jr. (Plaintiff or Prunty), has filed a two-count First Amended Complaint (Doc. #11) against Defendants Desoto County School Board (the School Board) and Florida's Agency for Health Care Administration (AHCA)[2] alleging

---

[1] Plaintiff filed a First Amended Complaint (Doc. #11) on March 13, 2015. Accordingly, Defendants' motions to dismiss Plaintiff's initial Complaint (Docs. ##5, 9) are denied as moot.

[2] The First Amended Complaint also lists as Defendants: Johnson & Johnson, Inc., Janssen Pharmaceuticals, Inc., Bristol Myers-Squibb, Inc., Coastal Behavioral Healthcare, Inc., Family Preservation Services, and Providence Service Corporation. However, Prunty has notified the Court of his intent to dismiss his claims against those Defendants and proceed solely against the School Board and AHCA. (Doc. #16.)

violations of his civil and constitutional rights.  The underlying facts, as set forth in the First Amended Complaint, are as follows:

Prunty is the father of several children who have been diagnosed with Autism.  (Id. at ¶ 7.)  After relocating from Georgia in 2011, Prunty enrolled those children in Desoto County schools.  (Id. at ¶¶ 16-17.)  While they resided in Georgia, Prunty's children were examined by a psychiatrist who provided them with educational treatment plans.  (Id.)  In Florida, Prunty requested that the School Board develop Individualized Education Programs (IEPs) in accordance with the Georgia psychiatrist's recommendations.  (Id.)  With AHCA's approval, the School Board rejected Prunty's request and instead proposed IEPs of their own making.  (Id. at ¶¶ 16-18.)  Prunty disagreed with the School Board's proposals because, among other things, they incorrectly classified some of his non-verbal children as "English Proficient."  (Id. at ¶ 18.)  As a result, Prunty refused to sign the School Board's proposed IEPs and refused to participate in additional IEP meetings with the School Board.  (Id. at ¶ 19.)  In retaliation for Prunty's refusal to accept the School Board's "falsified" IEPs, the School Board suspended one of Prunty's children and made unwarranted complaints to Florida's Department of Children and Family Services.  (Id. at ¶ 18.)

Based on these allegations, Prunty alleges that the School Board violated Title VI of the Civil Rights Act (Title VI), 42 U.S.C. § 1981 (Section 1981), and 42 U.S.C. § 1983 (Section 1983)

by denying him the benefits of federal programs (Count I) and by denying him the right to make and enforce contracts (Count II). Defendants now move to dismiss the First Amended Complaint in its entirety.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzaín, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

Prunty alleges that Defendants violated his civil and constitutional rights by denying him the benefits of a federal program and by denying him the right to make and enforce contracts. The federal program at issue is the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., and the contracts at issue are IEPs created pursuant to it. If a student is covered by the IDEA, school officials are required to create an IEP for that student to facilitate their academic progress. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 519 (2007). Students with Autism, such as Prunty's children, are covered by the IDEA. Id. As their parent, Prunty has the statutory right to contribute to the IEP process. Id. According to Prunty, Defendants deprived him of that right.

Parents of covered children are "entitled to prosecute IDEA claims on their own behalf." Id. at 535. However, before filing

4

a civil action for a violation of the IDEA, a plaintiff must first exhaust all available administrative remedies, including a meeting with school officials and a hearing before an Administrative Law Judge. <u>J.P. v. Cherokee Cnty. Bd. of Educ.</u>, 218 F. App'x 911, 913 (11th Cir. 2007) ("The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities."). The IDEA's exhaustion requirements apply even if a plaintiff seeks relief via a different statute. <u>Babicz v. Sch. Bd. of Broward Cnty.</u>, 135 F.3d 1420, 1422 n.10 (11th Cir. 1998) ("[A]ny student who wants relief that is available under the IDEA must use the IDEA's administrative system even if he invokes a different statute.") (internal quotation omitted); <u>see also</u> <u>Loch v. Edwardsville Sch. Dist. No. 7</u>, 327 F. App'x 647, 650 (7th Cir. 2009) (affirming dismissal of Title VI claim for lack of exhaustion where relief sought in Title VI cause of action was access to the free appropriate public education guaranteed by the IDEA).

Assuming the allegations in the First Amended Complaint are true, Prunty may have a viable IDEA claim against the School Board. However, Prunty cannot assert that claim (whether characterized as a violation of the IDEA, Title VI, Section 1981, Section 1983, or any other statutory or constitutional provision), unless and until he *participates in and completes* the IDEA's administrative dispute resolution procedures. <u>Babicz</u>, 135 F.3d at 1422 n.10. Here,

5

Prunty has not pled exhaustion of the IDEA's administrative remedies. To the contrary, Prunty explains that he refused to participate in any future IEP meetings because he was dissatisfied with the School Board's "falsified" IEPs. (Id. at ¶ 19.) Accordingly, the First Amended Complaint is dismissed without prejudice to refiling following exhaustion of the IDEA's administrative procedures.

The Court notes that this is the second time it has dismissed Prunty's case with the explanation that he must exhaust the IDEA's administrative remedies. See Prunty v. Sibelius, No. 14-CV-313, 2014 WL 7066430, at *3 (M.D. Fla. Dec. 12, 2014). However, Prunty did not heed the Court's warning, and instead opted to file the instant case based upon identical allegations. Thus, the Court emphasizes that the dismissal here is not premised upon a "technicality" that Prunty may avoid via refiling or further amendment. Any future cases concerning the School Board's actions in connection with Prunty's children's IEPs will be subject to summary dismissal unless Prunty alleges that he has fully exhausted the IDEA's administrative remedies.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motions to Dismiss Plaintiff's Complaint (Docs. ##5, 9) are **DENIED** as moot.

2.    Defendants' Motions to Dismiss Plaintiff's First Amended Complaint (Docs. ##13, 15) are **GRANTED** and the First Amended Complaint (Doc. #11) is **dismissed without prejudice**.

3.    The Clerk shall terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of May, 2015.

_____

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies: Counsel of record