UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY, JR ,

    Plaintiff,

v.                              Case No: 2:15-cv-105-FtM-29DNF

JOHNSON & JOHNSON, INC., ET AL.,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Amended Motion to Alter or Amend Judgment (Doc. #28) filed on May 21, 2015.[1] Defendant Desoto County School Board filed a Response[2]

---

[1] Plaintiff filed an initial Motion to Alter or Amend Judgment (Doc. #25) on May 11, 2015. Both motions seek the same relief. In light of the amended filing, the initial motion (Doc. #25) will be denied as moot.

[2] Defendant argues that Plaintiff's motion must be denied for failure to confer with defense counsel as required by M.D. Fl. R. 3.01(g). On June 4, 2015, Plaintiff filed a motion offering to withdraw the Amended Motion to Alter or Amend Judgment lest it be denied due to the Rule 3.01(g) violation. (Doc. #30.) According to Plaintiff, he repeatedly attempted to contact defense counsel, but they refused to return his calls. (Id.) As a result, Plaintiff moves for injunctive relief and a temporary restraining order preventing defense counsel from engaging in such "gamesmanship" in the future and seeks to have the Court review the merits of his Amended motion to Alter or Amend Judgment. (Docs. ##30, 31, 33.) As set forth below, Plaintiff's Amended Motion to Alter or Amend Judgment is denied on the merits. Accordingly, there is no need for the injunctive relief or temporary restraining order sought by Plaintiff and those motions will be denied as moot.

(Doc. #29) on May 26, 2015.  For the reasons set forth below, the motion is denied.

## I.

Plaintiff Robert R. Prunty, Jr. (Plaintiff or Prunty), has filed a two-count First Amended Complaint (Doc. #11) against Defendants Desoto County School Board (the School Board) and Florida's Agency for Health Care Administration (AHCA) alleging violations of his civil and constitutional rights.  The underlying facts, as set forth in the First Amended Complaint, are as follows:

Prunty is the father of several children who have been diagnosed with Autism.  (Id. at ¶ 7.)  After relocating from Georgia in 2011, Prunty enrolled those children in Desoto County schools.  (Id. at ¶¶ 16-17.)  While they resided in Georgia, Prunty's children were examined by a psychiatrist who provided them with educational treatment plans.  (Id.)  In Florida, Prunty requested that the School Board develop Individualized Education Programs (IEPs) in accordance with the Georgia psychiatrist's recommendations.  (Id.)  With AHCA's approval, the School Board rejected Prunty's request and instead proposed IEPs of their own making.  (Id. at ¶¶ 16-18.)  Prunty disagreed with the School Board's proposals because, among other things, they incorrectly classified some of his non-verbal children as "English Proficient."  (Id. at ¶ 18.)  As a result, Prunty refused to sign the School Board's proposed IEPs and refused to participate in

additional IEP meetings with the School Board.  (Id. at ¶ 19.)  In retaliation for Prunty's refusal to accept the School Board's "falsified" IEPs, the School Board suspended one of Prunty's children and made unwarranted complaints to Florida's Department of Children and Family Services.  (Id. at ¶ 18.)

Based on these allegations, Prunty alleges that the School Board violated Title VI of the Civil Rights Act (Title VI), 42 U.S.C. § 1981 (Section 1981), and 42 U.S.C. § 1983 (Section 1983) by denying him the benefits of federal programs and the right to make and enforce contracts.  On May 1, 2015, the Court dismissed the First Amended Complaint without prejudice to refiling following exhaustion of administrative remedies.  (Doc. #24.) Prunty now moves for reconsideration of that Opinion and Order, arguing that the exhaustion of administrative remedies would be futile and inadequate.

**II.**

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly."  American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).  "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously."  PaineWebber Income Props. Three Ltd. P'ship v. Mobil

Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).  Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice."  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  Unless the movant's arguments fall into one of these categories, the motion must be denied.

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision.  Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521.  "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based."  Taylor Woodrow, 814 F. Supp. at 1072–73.

A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined.  Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration."  Mannings v. Sch. Bd., 149 F.R.D. 235, 235 (M.D. Fla. 1993)

**III.**

Prunty alleges that Defendants violated his civil and constitutional rights by denying him the benefits of a federal program and by denying him the right to make and enforce contracts. The federal program at issue is the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, and the contracts at issue are IEPs created pursuant to it.  In its May 1, 2015 Opinion and Order, the Court concluded that before Prunty could bring these claims he must first exhaust all administrative remedies, including a meeting with school officials and a hearing before an Administrative Law Judge.  See J.P. v. Cherokee Cnty. Bd. of Educ., 218 F. App'x 911, 913 (11th Cir. 2007)  ("The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities."); Babicz v. Sch. Bd. of Broward Cnty., 135 F.3d 1420, 1422 n.10 (11th Cir. 1998) ("[A]ny student who wants relief that is available under the IDEA must use the IDEA's administrative system even if he invokes a different statute.") (internal quotation omitted).  Prunty argues that the Court arrived at this conclusion in error because exhaustion of administrative remedies in this case would be both futile and inadequate.

Prunty is correct that "exhaustion of administrative remedies is not required where resort to administrative remedies would be 1) futile or 2) inadequate." M.T.V. v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, 1159 (11th Cir. 2006) (quoting N.B. by D.G. v. Alachua Cnty. Sch. Bd., 84 F.3d 1376, 1379 (11th Cir. 1996)). The plaintiff has the burden of establishing futility or inadequacy. Id. "[S]peculative allegations of futility and inadequacy simply fail to sustain this burden," as do allegations that administrative remedies did not adequately resolve previous grievances. Id. Likewise, a plaintiff cannot avoid the IDEA's administrative remedies "simply by asking for relief that administrative authorities cannot grant," because doing so "goes against the very reason that we have the exhaustion requirement, which is to prevent deliberate disregard and circumvention of agency procedures established by Congress. N.B., 84 F.3d at 1379 (quotation omitted) (requiring exhaustion of IDEA's administrative remedies even though the student had left the school and sought only compensatory damages which the school district lacked the ability to grant).

Although his motion is not clear, Prunty appears to argue that the IDEA's administrative remedy procedures are futile and/or inadequate here because (1) the administrative agencies cannot grant him his requested relief, namely an injunction preventing the School Board from falsifying IEPs; and (2) the School Board

has acted similarly with regards to many other students and the administrative remedy procedures are not equipped to address such widespread IDEA violations. Neither allegation is sufficient to establish futility or inadequacy.

In N.B., the Eleventh Circuit held that an administrative authority's inability to provide plaintiff's requested relief is not evidence of futility or inadequacy. 84 F.3d at 1379. Likewise, Prunty cannot rely upon the alleged widespread nature of the School Board's violations because he may only pursue IDEA claims on his own behalf for violations of his *personal* right to participate in the creation of his children's IEPs. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 519 (2007). Moreover, there is no evidence that the issues raised by Prunty have prevented him from invoking the IDEA's administrative remedies. To the contrary, documentary evidence provided by Prunty himself demonstrates that he has shunned the process on his own accord. For example, Prunty cancelled a previously-scheduled hearing before an Administrative Law Judge (Doc. #25-3) and has refused to attend subsequent IEP meetings concerning at least one of his children (Doc. #20-1).

In sum, Prunty has failed to carry his burden of establishing that the IDEA's administrative remedies are futile or inadequate. Accordingly, Prunty has not established any grounds sufficient for reconsideration of the Court's May 1, 2015 Opinion and Order (Doc.

#24) dismissing this case without prejudice.  As it did in that Opinion and Order, the Court once again emphasizes that dismissal here is not premised upon a technicality that Prunty may avoid via refiling or further amendment.  Any future cases concerning the School Board's actions in connection with Prunty's children's IEPs will be subject to summary dismissal unless Prunty alleges that he has fully exhausted the IDEA's administrative remedies.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Alter Judgment (Doc. #25), Plaintiff's Motion to Withdraw Motion Due to Gamesmanship by Defense Counsel (Doc. #30), Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. #31), and Plaintiff's Motion Seeking Further Injunctive and Declarative Relief (Doc. #33) are **DENIED as MOOT**.

2. Plaintiff's Amended Motion to Alter Judgment (Doc. #28) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   4th   day of June, 2015.

                                                     _/s/ John E. Steele_
                                                     JOHN E. STEELE
                                                     UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record